## COMMONWEALTH v. EDWARD McMILLAN.

### APPEAL BY DEFENDANT FROM THE COURT OF OYER AND TERMINER OF LUZERNE COUNTY.

Argued November 9, 1891*— Decided November 11, 1891.

1. Where jurors, called on a trial for murder, from reading in the newspapers such accounts of the occurrence as were published had received impressions or formed opinions as to the guilt or innocence of the accused which it would require the testimony of sworn witnesses to remove or change, but testified that they could try the cause according to the law and the evidence, they were not disqualified.

2. The evidence disclosing that the prisoner, after a quarrel with his wife, both being intoxicated, had taken time to heat a poker and with it inflicted upon her person fatal wounds which of themselves bore witness to a well-defined and definite purpose to destroy life, it was not error to instruct that there was little room left for doubt as to the deliberate and premeditated nature of the killing.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

No. 59 January Term 1892, Sup. Ct.; court below, No. 74 April Term 1891, Q. S.

On April 7, 1891, the grand jury returned as a true bill an indictment charging Edward McMillan with the murder of Ann McMillan, his wife. The indictment being duly certified to the Oyer and Terminer, the prisoner was arraigned and pleaded not guilty.

At the trial on June 22, 1891, James Bird, John W. Breese and R. G. Russell were severally called as jurors. On their examination, it was disclosed that each had formed and expressed, or had at least formed if he had not expressed, an opinion as to the guilt or innocence of the prisoner; that each had read in the newspapers such accounts of the murder as were published just after its occurrence, and from this reading had received an impression or had formed an opinion which it would require the testimony of sworn witnesses to remove or change, each testifying, however, that he could try the cause

---

* By advancement in the Western District.

Charge of Court below.

under the law and the evidence. Objection being made to each juror as disqualified, the objection in each case was overruled; exception.[1]

The jury being sworn, the case shown was to the effect that the prisoner was a coal miner living with his family in the village of Stermerville, a suburb of the borough of Exeter; that on February 13, 1891, he received his wages for work done during January, went home, and he and his wife started out to settle their bills at the stores; that when they had finished their business they bought a pint of whiskey and returned home, beginning a debauch, as was claimed, which was kept up until between eight and nine o'clock the evening of the next day; that about nine o'clock the prisoner's son, sixteen years of age, came home and found his mother lying bleeding on the floor, and his father lying asleep on a sofa in another room; that Mrs. McMillan died about three o'clock the next morning, her death being caused by wounds inflicted by means of a poker heated and thrust into her person.*

At the close of the testimony, the court, WOODWARD, J., charged the jury in part as follows:

[A man who engages in a quarrel with his wife, both being at the time intoxicated, and in a state of rage seizes a poker, or a pair of tongs which happens to be near at hand, and with this weapon strikes the woman a blow or a series of blows which prove fatal, may have acted from impulse and without deliberate purpose to kill; but, on the other hand, if, after a quarrel with his wife, he is shown by the evidence to have taken time to heat the poker and then to have struck and burned her with it, as she lay helpless at his feet; if the wounds inflicted bear witness by their location and character to a well-defined and definite purpose to destroy life; or still further, if the injuries inflicted are of such an unusual, unnecessary and cruel description, and the purpose to take life is so clear as to indicate careful preparation, and what may be fairly termed a malignant and devilish ingenuity almost without parallel in the

---

* By leave of the Supreme Court, type-written copies of the testimony, charge of the court below, etc., were handed up on the argument, but none reached the reporter. Only the "history of the case," the portion of the charge assigned for error, the point submitted by the prisoner and the answer thereto, appeared in the paper-books.

Opinion of the Court.

history of crime, there is little room left for a doubt as to the premeditated and deliberate nature of the offence. The brain that could conceive and the hand that could execute such extravagant and diabolical cruelty as has been shown in this case, were, it would seem fair to say, controlled and guided by a deliberate purpose, rather than by a drunken impulse.] [3]

The prisoner's counsel request the court to charge:

That under all the testimony in the case, the defendant's mind was such as to preclude the possibility of his having formed a deliberate, wilful, premeditated and specific intent to take the life of the deceased.

Answer: Refused. [2]

—The jury returned a verdict that the prisoner was guilty of murder of the first degree, in manner and form, etc. A motion in arrest of judgment and for a new trial having been refused, sentence of death was passed, when the prisoner took this appeal, specifying that the court erred:

1. In overruling the prisoner's challenges. [1]

2. In refusing the prisoner's point. [2]

3. In the portion of the charge embraced in [ ] [3]

*Mr. E. F. McGovern* (with him *Mr. P. A. O'Boyle*), for the appellant.

As to the test of competency of jurors who have formed opinions, counsel cited: Whart. Cr. Pl. & Pr., 635; Commonwealth v. Flanagan, 7 W. & S. 415; Commonwealth v. Gross, 1 Ash. 281; Allison v. Commonwealth, 99 Pa. 17; Rizzolo v. Commonwealth, 126 Pa. 71; Commonwealth v. Taylor, 129 Pa. 534; Staup v. Commonwealth, 74 Pa. 458; O'Mara v. Commonwealth, 75 Pa. 424; Ortwein v. Commonwealth, 76 Pa. 414; Clark v. Commonwealth, 123 Pa. 558. Upon the subject of intoxication as a defence: Commonwealth v. Crozier, 1 Brewst. 349; Commonwealth v. Baker, 11 Phila. 631; Commonwealth v. Platt, 11 Phila. 421; Jones v. Commonwealth, 75 Pa. 403; Nevling v. Commonwealth, 98 Pa. 322.

*Mr. Alfred Darte*, District Attorney, and *Mr. G. J. Clark*, for the Commonwealth, were not heard.

PER CURIAM:

Judgment affirmed, and record remitted for the purpose of execution.